APPENDIX A

No. 03-2844 T
Honorable Bohdan A. Futey

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT L. HIRX and ROSE LOCASSIO,
aka ROSE HIRX,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

STATEMENT OF FRANK AGOSTINO

I, Frank Agostino, pursuant to the provisions of 28 U.S.C. § 1746, state as follows:

1. I am a shareholder in the law firm of CALO AGOSTINO, A Professional Corporation, the attorneys of record for the plaintiffs in the above captioned case and as such I am conversant with the facts and circumstances herein, based on the contents of the files maintained by this office and my representation of Plaintiffs in the United States Tax Court ("Tax Court").

2. As an initial matter, (a) the parties agree that the Plaintiffs are entitled to a refund for the year 1996, and (b) the parties agree on the amount of the refund.

3. The only issue in dispute is whether the settlement announced in the related Tax

Court case ("Settlement") requires the IRS to credit the 1996 year overpayment created by the Settlement to the 1997 year income tax created by the Settlement. Plaintiffs contend that the Tax Court Settlement contemplates that the 1996 overpayment will be applied to the Plaintiffs' 1997 tax and that the Settlement is binding on the United States in this Court.

4. By way of background, the Internal Revenue Service ("IRS") sent Plaintiffs a notice of deficiency for 1997 and 1998 disallowing the losses claimed on Plaintiffs' 1997 and 1998 income tax returns relative to Westbrook Farms, Plaintiffs' wholly-owned S-corporation.

4. In response, I filed a Tax Court petition on Plaintiffs' behalf.

5. Before trial, Plaintiffs and the IRS settled the Tax Court case.

6. The parties explained their settlement to the Tax Court Judge at the Tax Court's trial calendar.

7. A copy of the transcript dated September 22, 2003 from Tax Court, Robert L. Hirx and Rose Locasio, a/k/a Rose Hirx versus The United States, Docket No. 16288-02, attached hereto as Exhibit 1, to the best of my knowledge, is a true and correct copy of what it purports to be.

8. Attached collectively as Exhibit 2 are status reports filed by the parties in the United States Tax Court case.

9. Plaintiffs respectfully submit that there are no facts in dispute, and that read together, Exhibits 1, 2 and the status reports filed in this Court demonstrate that the United States is not entitled to the relief requested in its motion.

10. I state under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Hackensack, New Jersey on this 14th day of August, 2006.

s/Frank Agostino

Frank Agostino
Attorney of Record
Calo Agostino, A Professional Corporation
14 Washington Place
Hackensack, NJ 07601
(201) 488-5400, Ext. 107
Fax: (201) 488-5855
E-mail: fagostino@caloagostino.com

# EXHIBIT 1

IN THE UNITED STATES TAX COURT

In the matter of: )
)
ROBERT L. HIRX AND ROSE LOCASIO, )
A/K/A ROSE HIRX, )
)
Petitioners, )
) Docket No. 16288-02
v. )
)
COMMISSIONER OF INTERNAL REVENUE, )
)
Respondent. )

Room 206
Jacob K. Javits
Federal Building
26 Federal Plaza
New York, New York

Monday,
September 22, 2003

The above entitled matter came on for calendar call, pursuant to notice, at 10:25 a.m.

BEFORE: HONORABLE ARTHUR L. NIMS, III
Judge

APPEARANCES:

For the Petitioner:

FRANK AGOSTINO, Esquire

EXHIBIT
tabbies
1

For the Respondent:

JOSEPH BOYLAN, Esquire
Internal Revenue Service
One Newark Center
Newark, New Jersey 07102
(973) 645-3897

P R O C E E D I N G S

(10:25 a.m.)

THE CLERK: Calling from page 5 of the calendar, Docket No. 16288-02, Robert L. Hirx and Rose Locasio, also known as Rose Hirx. Please state your appearance.

MR. AGOSTINO: Good morning, Your Honor. Frank Agostino and Julia Moore for the Petitioners, the Hirxes.

THE COURT: Where is Julia Moore?

MR. AGOSTINO: She's coming through security.

THE COURT: Is that going to be the standard excuse from now on?

(Laughter.)

MR. AGOSTINO: I looked more trustworthy.

THE COURT: Yes. All right.

MR. BOYLAN: Joseph Boylan for the Respondent, Your Honor.

THE COURT: Can you proceed without?

MR. AGOSTINO: Yes, I can, Your Honor.

THE COURT: Go ahead.

MR. BOYLAN: Your Honor, we have reached a basis of settlement in this case. If we can, we'd like to read it into the record.

THE COURT: Yes. Go ahead.

MR. BOYLAN: For the taxable year 1997, Petitioners had no basis to claim the flow through loss from the 1120 S corporation, Westbrook Farms. The loss is disallowed in full. Petitioners are subject to the I.R.C. § 6651 addition to tax for the taxable year 1997.

For the taxable year 1998, Petitioners have a $515,817 basis in their investment in the S corporation, Westbrook Farms, Incorporated. Of the flowthrough loss of $2,554, $724 is allowed in 1998. There are no penalties or additions to tax in 1998. The parties request 30 days to finalize the processing of this settlement and file the decision documents report.

MR. AGOSTINO: Right. And one of the technical issues on why it's going to take a while for the decision documents. As you said, we just created a huge NOL in 1998. That NOL needs to be carried back to 1996. We've made the claim, and then we're electing to take the refund claim from 1996 and apply it toward the 1997 tax. So we're going to ask for I think 60 days for those documents.

MR. BOYLAN: I'd like to amend that, 60 days, Your Honor.

THE COURT: All right. Sixty days, that's fine.

MR. AGOSTINO: Thank you, Your Honor.

THE CLERK: Thirty days is November 21.

MR. BOYLAN: Thank you.

(Whereupon, at 10:27 a.m., the calendar call in the above-entitled matter was concluded.)

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

# EXHIBIT 2

**UNITED STATES TAX COURT**

| | |
|---|---|
| ROBERT L. HIRX and ROSE LOCASIO a.k.a. ROSE HIRX, Petitioners, | |
| v. | Docket No. 16288-02 |
| COMMISSIONER OF INTERNAL REVENUE, Respondent. | Judge Arthur L. Nims, III |

**RESPONDENT'S STATUS REPORT**

THE RESPONDENT respectfully states:

1. Respondent determined a deficiency in petitioners' 1997 and 1998 income taxes, in part, upon the determination that petitioners did not have sufficient basis to claim flow-through losses from Westbrook Farms, Inc., (petitioners' wholly owned S corporation.)

2. As reported at the September 22, 2003 calendar call, a basis of settlement has been reached between respondent and petitioner's counsel. Respondent concedes that, for the taxable year 1998, the petitioners had a basis of $515,817.00 in their investment in Westbrook Farms, Inc., and they are entitled to deduct their 1998 flow-through loss from that investment.

3. The parties are in agreement that there is a deficiency in income tax due from the petitioners for the taxable year 1997 in the amount of $66,501.00; that there is no deficiency in income tax due from, nor overpayment due to, the petitioners for the taxable year 1998; and that there is an addition to tax due from the petitioners for the taxable year 1997, under the provisions of I.R.C. § 6651(a)(1), in the amount of $16,625.00.



EXHIBIT 2

4. Petitioners allege that their 1998 loss from Westbrook Farms, Inc. will generate a Net Operating Loss (NOL) which they are entitled to carryback to the taxable year 1996.

5. On September 18, 2003, respondent mailed a stipulated decision document to petitioners' counsel reflecting the petitioners' deficiency for the taxable years 1997 and 1998 based on the parties' agreement. To date petitioners' counsel has not returned that document to respondent, instead petitioners' counsel has proposed various modifications to the decision document prepared by respondent in order to reflect the 1998 NOL which petitioners seek to carry back to 1996.

6. On November 7, 2003, petitioners filed an Amended U.S. Income Tax Return for the taxable year 1996 seeking to carryback the alleged 1998 NOL to the taxable year 1996.

7. On December 22, 2003, petitioners filed a refund suit in the U.S. Court of Federal Claims seeking a refund of taxes for the taxable year 1996 based on their alleged 1998 NOL carryback. Said case was assigned case no. 03-2844T.

8. Petitioners' counsel seeks to have any refund generated for the taxable year 1996 applied to the petitioners' liability for the taxable year 1997. Petitioners' counsel has expressed concern that the settlement of the taxable year 1997 before the settlement of the 1996 refund suit may adversely affect the petitioners' interest liability for the taxable year 1997.

9. The parties are currently working to draft a decision document which will resolve the year 1998, allowing the petitioners to carryback their 1998 NOL to 1996 (which will then resolve their 1996 refund suit,) and then resolve the year 1997.

10. The respondent requests an additional ninety (90) days to attempt to draft the documents necessary to resolve this case to petitioners' satisfaction. The additional time is also necessary because it is likely that respondent's National Office will need to review and approve any stipulated decision document to be filed with this Court to resolve this case.

11. Respondent's counsel has discussed this status report with petitioners' counsel who is in agreement with it.

Respectfully submitted,

EMILY A. PARKER
Acting Chief Counsel
Internal Revenue Service

Date: April 14, 2004

By: [signature]
JOSEPH J. BOYLAN
Acting Associate Area Counsel
(Small Business/Self-Employed)
Tax Court Bar No. BJ1889
One Newark Center, Suite 1500
Newark, New Jersey 07102-5224
Telephone: (973) 645-6278

OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
H. STEPHEN KESSELMAN
Area Counsel
(Small Business/Self-Employed:Area 2)

UNITED STATES TAX COURT

| | | |
|---|---|---|
| ROBERT L. HIRX and ROSE LOCASIO a.k.a. ROSE HIRX, Petitioners, | ) | |
| v. | ) | Docket No. 16288-02 |
| COMMISSIONER OF INTERNAL REVENUE, Respondent. | ) | Judge Arthur L. Nims, III |

**RESPONDENT'S STATUS REPORT**

RESPONDENT, pursuant to this Court's order dated April 11, 2005, directing the parties, on or before July 11, 2005, to file a status report with the Court, respectfully states:

1. Respondent determined a deficiency in petitioners' 1997 and 1998 income taxes, in part, upon the determination that petitioners did not have sufficient basis to claim flow-through losses from Westbrook Farms, Inc., (petitioners' wholly owned S corporation.)

2. The parties are in agreement that there is a deficiency in income tax due from the petitioners for the taxable year 1997 in the amount of $66,501.00; that there is no deficiency in income tax due from, nor overpayment due to, the petitioners for the taxable year 1998; and that there is an addition to tax due from the petitioners for the taxable year 1997, under the provisions of I.R.C. § 6651(a)(1), in the amount of $16,625.00.

3. The parties agree that petitioners' 1998 loss from Westbrook Farms, Inc. generated a Net Operating Loss (NOL) which they are entitled to carryback to the taxable year 1996.

4. Petitioners filed a refund suit in the U.S. Court of Federal Claims seeking a refund of taxes for the taxable year 1996 based, in part, on their 1998 NOL carryback. Said case was assigned case no. 03-2844T; petitioners' counsel is seeking to have any refund generated for the taxable year 1996 applied to the petitioners' liability for the taxable year 1997.

5. Respondent has discussed petitioners' Court of Federal Claims case with the Department of Justice attorney assigned to the case and has been informed that she is currently working with petitioners' accountant to substantiate certain itemized deductions being claimed by petitioners for the taxable year 1996; there is no dispute that petitioners are entitled to carry back their 1998 NOL to the 1996 taxable year.

6. Respondent's counsel is monitoring the status of petitioners' 1996 refund suit to help expedite its resolution.

7. It is requested that the Court further continue this matter and ask for another status report in ninety (90) days.

Respectfully submitted,

DONALD L. KORB
Chief Counsel
Internal Revenue Service

Date: July 11, 2005

By: ______________________
JOSEPH J. BOYLAN
Attorney (Newark, Group 2)
(Small Business/Self-Employed)
Tax Court Bar No. BJ1889
One Newark Center, Suite 1500
Newark, New Jersey 07102-5224
Telephone: (973) 645-6278

OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
H. STEPHEN KESSELMAN
Area Counsel
(Small Business/Self-Employed:Area 2)
FRANCIS J. STRAPP, JR.
Associate Area Counsel
(Small Business/Self-Employed)

UNITED STATES TAX COURT

RECEIVED JAN 12 2006

| | | |
|---|---|---|
| ROBERT L. HIRX and ROSE LOCASIO a.k.a. ROSE HIRX, Petitioners, | ) | |
| v. | ) | Docket No. 16288-02 |
| COMMISSIONER OF INTERNAL REVENUE, Respondent. | ) | Judge Arthur L. Nims, III |

**RESPONDENT'S STATUS REPORT**

RESPONDENT, pursuant to this Court's order dated October 13, 2005, directing the parties, on or before January 11, 2006, to file a status report with the Court, respectfully states:

1. The parties are in agreement that there is a deficiency in income tax due from the petitioners for the taxable year 1997 in the amount of $66,501.00; that there is an addition to tax due from the petitioners for the taxable year 1997, under the provisions of I.R.C. § 6651(a)(1), in the amount of $16,625.00; and that there is no deficiency in income tax due from, nor overpayment due to, the petitioners for the taxable year 1998.

2. Petitioners' 1998 loss from Westbrook Farms, Inc. generated a Net Operating Loss (NOL) which they are entitled to carryback to the taxable year 1996.

3. Petitioners filed a refund suit in the U.S. Court of Federal Claims seeking a refund of taxes for the taxable year 1996 based, in part, on their 1998 NOL carryback. Said case was assigned case no. 03-2844T.

4. On Tuesday, January 10, 2006, status conference was held for the U.S. Court of Federal Claims Case No. 03-2844T. At the status conference the Government's attorney reported that an offer to settle the case has been made to plaintiffs. The parties in that case were granted 30 days to review the terms of the proposed settlement agreement and report back to the Court.

5. Respondent's counsel is monitoring the status of petitioners' 1996 refund suit to help expedite its resolution.

6. It is requested that the Court further continue this matter and ask for another status report in ninety (90) days.

Respectfully submitted,

DONALD L. KORB
Chief Counsel
Internal Revenue Service

Date: 01/11/2006

By: Joseph J. Boylan
JOSEPH J. BOYLAN
Attorney (Newark, Group 2)
(Small Business/Self-Employed)
Tax Court Bar No. BJ1889
One Newark Center, Suite 1500
Newark, New Jersey 07102-5224
Telephone: (973) 645-6278

OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
FRANCES F. REGAN
Acting Area Counsel
(Small Business/Self-Employed:Area 1)
FRANCIS J. STRAPP, JR.
Associate Area Counsel
(Small Business/Self-Employed)