# In the United States Court of Federal Claims

**No. 03-2844T**

**NOT FOR PUBLICATION**

**(Filed October 16, 2006)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ROBERT L. HIRX and ROSE LOCASIO, a/k/a ROSE HIRX,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

***Frank Agostino***, Hackensack, NJ, attorney of record for plaintiffs, Robert L. Hirx and Rose Locassio, a/k/a Rose Hirx

***Jacob E. Christensen***, Department of Justice, Tax Division, Washington, D.C., with whom was ***Assistant Attorney General Eileen J. O'Connor*** for defendant. ***David Gustafson***, Chief, Court of Federal Claims Section.

## OPINION & ORDER

***Futey***, **Judge**.

This tax refund case is before the court on defendant's motion to dismiss in part, for summary judgment in part, and for entry of judgment. Plaintiffs Robert Hirx and Rose Locasio, also known as Rose Hirx, bring this action seeking a refund of income taxes from 1996 and an order requiring defendant to credit that refund towards their income tax deficiencies for 1997. Plaintiffs and defendant agree that defendant owes plaintiffs a refund of $121,439.90 including penalties paid and interest. Defendant requests that this court grant summary judgment in favor of defendant's undisputed recalculation of the refund as $121,439.90 and enter judgment for plaintiffs in this amount. Defendant also moves to dismiss plaintiffs'

petition to require defendant to credit the refund to plaintiffs' 1997 tax year under Fed. R. Civ. P. 12(b), because defendant asserts that it maintains discretion under 26 U.S.C. § 6402 (1999) to determine how it applies the refund, and the 2005 Stipulation of Settled Issues ("Settlement") did not include any contradictory provision. Alternatively, defendant moves to dismiss plaintiffs' petition for lack of jurisdiction because plaintiffs request an equitable remedy. Plaintiffs contend that defendant is in breach of contract by refusing to apply plaintiffs' refund to their 1997 deficiencies because defendant agreed to honor plaintiffs' election by failing to explicitly object to it at a 2003 Tax Court settlement hearing.

**Factual Background**

Plaintiffs own Westbrook Farms, Inc., a 1120 S corporation under the laws of the state of Florida. In 1998, plaintiffs sustained a net operating loss through Westbrook Farms of $305,065.00. Five years later, plaintiffs filed an amended 1996 tax return claiming a $105,732.00 refund to reflect a net operating loss carryback from 1998. Plaintiffs brought this suit on December 22, 2003 to recover this refund from defendant. Defendant reassessed the amended tax return and agreed that it owed plaintiffs a refund but disputed the dollar amount. Defendant determined that plaintiffs failed to adequately substantiate a small amount in deductions taken for state taxes and charitable contributions on their amended tax return and reassessed the refund owed as $105,057.00 in taxes, $5,148.23 in penalties paid by plaintiff, and $11,234.67 in interest. Defendant provided plaintiffs the additional opportunity to substantiate a few deductions, but plaintiffs now agree with defendant's reassessed amounts.

Plaintiffs also brought suit in the United States Tax Court regarding the net operating loss's effect on its 1997 and 1998 tax years. On September 22, 2003 at a Tax Court hearing regarding the parties' basis for settlement, plaintiffs elected to apply their 1996 refund to the deficiencies they owed for their 1997 tax year. This hearing proceeded as follows:

> MR. BOYLAN [for defendant United States]: Your Honor, we have reached a basis for settlement in this case. If we can, we'd like to read it for the record.
>
> THE COURT: Yes. Go ahead.
>
> MR. BOYLAN: For the taxable year 1997, Petitioners had no basis to claim the flow through loss from the 1120 S corporation, Westbrook Farms. The loss is disallowed in full. Petitioners are subject to the I.R.C. § 6651 addition to tax for the taxable year 1997 . . . The parties request 30 days to

> finalize the processing of this settlement and file the decision documents report.
>
> MR. AGOSTINO [for plaintiffs Hirx]: Right. And one of the technical issues on why it's going to take a while for the decision documents. As you said, we just created a huge [net operating loss] in 1998. That [net operating loss] needs to be carried back to 1996. We've made the claim, and then we're electing to take the refund claim from 1996 and apply it toward the 1997 tax. So we're going to ask for I think 60 days for those documents.
>
> MR. BOYLAN: I'd like to amend that, 60 days, Your Honor.
>
> THE COURT: All right. Sixty days, that's fine.[1]

In March 2005, plaintiffs and defendant filed the Settlement with the Tax Court accounting for deficiencies plaintiffs owed defendant for the 1997 tax year. The Settlement notes that "petitioners' alleged overpayment of income tax for the taxable year 1996 is the subject of a suit currently pending in" the United States Court of Federal Claims.[2] The Settlement does not dictate how any overpayment should be applied; it dictates amounts due from the 1997 tax year explicitly "[w]ithout consideration of [the 1996 refund] overpayment that petitioners allege should be applied to the taxable year 1997."[3]

## Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 247 (1986); *Jay v. Sec'y, DHHS,* 998 F.2d 979 (Fed. Cir. 1993). A fact is material if it might significantly affect the outcome of the suit under the governing law. *Anderson,* 477 U.S. at 248. The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party demonstrates the absence of a genuine issue of material fact, the burden then shifts to the opposing party that a genuine issue exists. *Sweat Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1563 (Fed. Cir. 1987). Alternatively, if the moving party can show that there is an absence of evidence to

---

[1] ***Statement of F. Agostino, Ex. 1, p. 2, l. 23-p. 4, l. 2.***

[2] ***Def.'s Ex. 1 ¶ 6.***

[3] ***Def.'s Ex. 1 ¶ 5.***

support the opposing party's case, the burden then shifts to the opposing party to proffer such evidence. *Celotex,* 477 U.S. at 325. The court must resolve any doubts about factual issues in favor of the party opposing summary judgment, *Litton Indus. Prods., Inc. v. Solid State Sys. Corp.,* 755 F.2d 158, 163 (Fed. Cir. 1985), to whom the benefits of all favorable inferences and presumptions run. *H.F. Allen Orchards v. U.S.,* 749 F.2d 1571, 1574 (Fed. Cir. 1984), *cert. denied,* 474 U.S. 818 (1985).

Plaintiffs request two forms of relief in the instant case: (1) that defendant refund the 1996 overpayment, and (2) that defendant credit this overpayment towards plaintiffs' 1997 tax year deficiencies. Plaintiffs petition for their tax refund in this court is consistent with the court's 28 U.S.C. § 1491(a) jurisdiction "to render judgment upon any claim against the United States founded either upon . . . any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States[.]" 28 U.S.C. § 1491(a)(1) (2001); *Terran v. Sec'y of Health and Human Serv.,* 195 F.3d 1302, 1309 (Fed. Cir. 1999). "[A] plaintiff who seeks redress in the Court of Federal Claims must present a claim for 'actual, presently due money damages from the United States.'" *Id.* (citing *U.S. v. King,* 395 U.S. 1, 3 (1969)).

Defendant does not contest plaintiffs' first claim and asks that this court grant summary judgment in its favor and enter a judgment for plaintiffs in the amount of $121,439.90, the agreed upon refund. Defendant, however, opposes applying the refund to plaintiffs' deficiency and argues that this court does not have jurisdiction to order such a remedy and that, even if jurisdiction exists, defendant never agreed to waive its regulation that it has sole discretion to decide how to repay a refund.

In ruling on an Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court must accept as true the complaint's undisputed factual allegations and construe them in a light most favorable to plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Hamlet v. U.S.,* 873 F.2d 1414, 1415 (Fed. Cir. 1989); *Farmers Grain Co. v. U.S.,* 29 Fed.Cl. 684, 686 (1993). If the undisputed facts reveal any possible basis on which the non-moving party may prevail, the court must deny the motion. *Scheuer,* 416 U.S. at 236; *W.R. Cooper Gen. Contractor, Inc. v. U.S.,* 843 F.2d 1362, 1364 (Fed. Cir. 1988). If the motion challenges the truth of the jurisdictional facts alleged in the complaint, however, the court may consider relevant evidence in order to resolve the factual dispute. *Rocovich v. U.S.,* 933 F.2d 991, 994 (Fed. Cir. 1991). "The court should 'look beyond the pleadings and decide for itself those facts, even if in dispute, which are necessary for a determination of [the] jurisdictional merits.'" *Farmers Grain,* 29 Fed.Cl. at 686 (quoting *Raymark Indus., Inc. v. U.S.,* 15 Cl.Ct. 334, 335 (1988). Plaintiffs bear the burden of establishing subject matter jurisdiction. *KVOS, Inc. v. Assoc.'d Press,* 299 U.S. 269 (1936); *Rocovich,* 933 F.2d at 993.

Defendant moves to dismiss plaintiffs' petition that the court order defendant to credit the refund to plaintiffs' 1997 deficiencies for lack of subject matter jurisdiction because plaintiffs require an equitable remedy. "Except in strictly limited circumstances," which are inapplicable here, *see* 28 U.S.C. § 1491(b)(2), the Tucker Act does not "authoriz[e] the Court of Federal Claims to order equitable relief" such as specific performance. *Massie v. U.S.,* 226 F.3d 1318, 1321 (Fed. Cir. 1999) ("By . . . govern[ing] the . . . manner by which the monetary award [for defendant United States' breach of contract] was to be paid, and by compelling [the plaintiff] to accept performance under those terms, the [Court of Federal Claims] fashioned a form of specific performance, equitable relief, which it had no authority to order"); *see also King*, 395 U.S. at 4 ("[C]ases seeking relief other than money damages from the Court of Claims have never been 'within its jurisdiction'"); *First Hartford Corp. Pension Plan & Trust v. U.S.,* 194 F.3d 1279, 1294 (Fed. Cir. 1999) ("[The Court of Federal Claims] cannot grant nonmonetary equitable relief such as an injunction or declaratory judgment, or specific performance"); *Beale v. U.S.,* 69 Fed.Cl. 234, 236 (2005) ("Although [the Court of Federal Claims] generally has jurisdiction over claims for tax refunds, it lacks subject matter jurisdiction over actions by taxpayers against the Internal Revenue Service for injunctive or declaratory relief"); *Ruttenburg v. U.S.,* 65 Fed.Cl. 43, 50 (2005) (refusing to order defendant United States to comply with an alleged oral, implied-in-fact contract which plaintiff claimed superceded parties' written contract because the court lacked jurisdiction to award specific performance).

Plaintiffs' petition to order defendant to credit their refund to their 1997 deficiencies is a request for nonmonetary specific performance. This court lacks jurisdiction to grant equitable relief unless a specific exception applies, which plaintiffs fail to provide. Therefore, this court cannot award plaintiffs the specific performance requested.

Even if this court had jurisdiction to require defendant to apply the refund as plaintiffs request, defendant argues that plaintiffs have not stated a claim upon which relief may be granted because the IRS retains discretion to choose how it repays the refund. The IRS "may credit the amount of [an] overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person." 26 U.S.C. § 6402(a) (1999). "[T]he discretionary authority of the IRS supersedes any desires or wishes on the part of a taxpayer to have their overpayment credited to specific, preexisting tax liabilities." *Georgeff v. U.S.*, 67 Fed.Cl. 598, 608 (2005). "Under 26 U.S.C. § 6402(a), the discretionary power to offset . . . net annual overpayments against . . . net annual liabilities from other years rests exclusively with the IRS." *Estate of Bender v. Comm'r,* 827 F.2d 884, 887 (3d. Cir. 1987). Defendant may repay plaintiffs' refund using the method it chooses irrespective of plaintiffs' wishes.

Plaintiffs argue that even if the Settlement written and admitted in 2005 does not require the defendant to honor plaintiffs' request to credit the refund towards its 1997 tax deficiencies, defendant's failure to protest this request at the 2003 Tax Court settlement hearing estops defendant from exercising its 26 U.S.C. § 6402(a) discretion. "[T]he existence of an express contract precludes the existence of an implied-in-fact contract dealing with the same subject matter, unless the implied contract is unrelated to the express contract." *Ruttenburg*, 65 Fed.Cl. at 49 (quoting *Schism v. U.S.,* 316 F.3d 1259, 1278 (Fed. Cir. 2002)). "If the terms of a contract are clear and unambiguous, they must be given their plain meaning – extrinsic evidence is inadmissible to interpret them." *Barron Bancshares, Inc. v. U.S.,* 366 F.3d 1360, 1375 (Fed. Cir. 2004). "A contract provision is only ambiguous if susceptible to more than one reasonable meaning." *Id.* at 1375-76. "The parol evidence rule is a rule of substantive law that prohibits the use of external evidence to add to or otherwise modify the terms of a written agreement 'in instances where the written agreement has been adopted by the parties as an expression of their final understanding.' The rule thus renders inadmissible evidence introduced to modify, supplement, or interpret the terms of an integrated agreement." *Barron,* F.3d at 1375 (quoting *David Nassif Assocs. v. U.S.,* 557 F.2d 249, 256 (Ct. Cl. 1977)).

______The Settlement does not state how defendant should apply the 1996 refund, and, moreover, specifically declines to consider plaintiffs' claim that defendant should apply the refund to its 1997 tax year.[4] The "four corners" of the Settlement reasonably and unambiguously confer that the parties did not agree that defendant would apply the refund towards plaintiffs' 1997 tax year. Therefore, to interpret the parties' intent for refunding the overpayment, this court may not consider the settlement hearing dialogue exchanged two years before the parties admitted the Settlement in 2005. The Settlement explicitly neglects to bar defendant from exercising its 26 U.S.C. § 6402(a) discretion to repay the refund however it chooses.

Even if the Settlement did not unambiguously allow defendant's 26 U.S.C. § 6402(a) discretion not to honor plaintiffs' request, the 2003 hearing dialogue still does not constitute an agreement between the parties regarding how to apply the refund. "In order to establish the existence of an express or implied-in-fact contract with the United States, a plaintiff must demonstrate: . . . mutuality of intent; . . . lack of ambiguity in the . . . acceptance; and . . . 'the Government representative whose conduct is relied upon had actual authority to bind the government in contract.'" *Ruttenburg*, 65 Fed.Cl. at 48 (quoting *City of El Centro v. U.S.,* 922 F.2d 816, 820 (Fed. Cir. 1990)) (other citations omitted).

______

______Mr. Boylan expressed the parties' mutuality of intent to enter into an agreement according to the 2003 hearing dialogue's terms when he stated, "Your

---

[4] ***See Ex. 1* ¶ 5.**

Honor, we have reached a basis of settlement in this case. If we can we'd like to read it into the record."[5] But defendant's failure to meaningfully respond to plaintiffs' statement, "we're electing to take the refund claim from 1996 and apply it toward the 1997 tax" at best establishes ambiguity regarding whether defendant accepted plaintiffs' offer.[6] "Silence may not be construed as an acceptance of an offer in the absence of special circumstances." *Radioptics, Inc. v. U.S.,* 621 F.2d 1113, 1121 (Ct. Cl. 1980) (citing Williston On Contracts, § 91 (3d Ed. 1957); *see also Correge v. Murphy*, 705 F.2d 1326, 1329 (Fed. Cir. 1983) ("[A]n agreement is not automatically created by the unilateral acts of one party").

Moreover, plaintiffs fail to establish that Mr. Boylan, counsel for the IRS in the Tax Court, possessed the requisite authority at the hearing to waive defendant's 26 U.S.C. § 6402(a) discretion and bind defendant to applying the refund to plaintiffs' tax liabilities. "Actual authority to contract is required to form a contract binding on the United States, and 'anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority.'" *Ruttenburg,* 65 Fed.Cl. at 48 (citing *Federal Crop Ins. v. Merrill,* 332 U.S. 380, 384 (1947)). Therefore the parties' 2003 hearing dialogue does not constitute an express or implied-in-fact contract that binds defendant to plaintiffs' preferred repayment method.

## **Conclusion**

For the above-stated reasons, defendant's motion to dismiss in part, for summary judgment in part, and for entry of judgment is ALLOWED. The Clerk of the Court is directed to enter a judgment in favor of plaintiffs in the amount of $121,439.90. No costs.

IT IS SO ORDERED.

s/Bohdan A. Futey

**BOHDAN A. FUTEY**

**Judge**

[5] ***Statement of F. Agostino, Ex. 1, p. 2, ll. 23-25.***

[6] ***Id., Ex. 1, p. 3, ll. 16-25***